FILED
CLERK, U.S. DISTRICT COURT
5/21/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: MMC DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TEENA MARIA HOSTOVICH,<br>Defendant. | CR No. 2:25-CR-00398-CV<br><u>I N F O R M A T I O N</u><br>[52 U.S.C. §§ 30122, 30109(d)(1)(D): Campaign Contribution in the Name of Another] |

The United States Attorney charges:

[52 U.S.C. §§ 30122, 30109(d)(1)(D); 18 U.S.C. § 2(b)]

At all times relevant to this Information:

A. <u>RELEVANT PERSONS</u>

1. Defendant TEENA MARIA HOSTOVICH was an executive at Insurance Brokerage 1, a corporate insurance brokerage.

2. Individual 1, Individual 2, and Individual 3 were all individuals who worked at Insurance Brokerage 1.

3. Individual 4 was Individual 3's spouse.

4. Individual 5 was a person who provided personal services to defendant HOSTOVICH.

///

///

B. FEDERAL ELECTION LAWS

5. The Federal Election Campaign Act ("FECA") governed candidates for Federal office and political committees that received contributions on their behalf.

6. The FECA defined "Federal office" as the office of the President or Vice President of the United States or Senator or Representative in the United States Congress.

7. The FECA defined "election" to include a general, special, primary, or runoff election and a convention or caucus of a political party with authority to nominate a candidate.

8. The FECA defined "political committee" as a committee, club, association, or other group of persons that receives contributions aggregating in excess of $1,000 during a calendar year or that makes expenditures aggregating in excess of $1,000 during a calendar year.

9. The FECA defined "principal campaign committee" as a political committee designated and authorized by a candidate for Federal office. The FECA required that a candidate for Federal office designate a principal campaign committee.

10. The FECA defined an "authorized committee" as a principal campaign committee or any other political committee authorized, in writing, by a candidate for a Federal office to receive contributions or make expenditures on behalf of such candidate.

11. The FECA also regulated joint fundraising committees, which were committees created by two or more political committees or unregistered organizations.

12. The FECA required each political committee to have a treasurer who was required to file periodic reports with the Federal

Election Commission identifying, among other things, persons whose contributions aggregated in excess of $200 within the calendar year (or per election cycle in the case of authorized committees of a candidate for Federal office) by name, address, and occupation and the contributions provided by those contributors by date and amount.

13. The FECA defined a "contribution" as, among other things, any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office.

14. The FECA prohibited any person from making any contribution in the name of another, including reimbursing a third person, before or after that third person's contribution, as inducement to making that contribution.

C. THE CONDUIT CONTRIBUTIONS

15. In or about October and November 2021, in Los Angeles County, within the Central District of California, defendant HOSTOVICH, knowingly and willfully made and caused to be made contributions of money, aggregating to more than $10,000 during the 2021 calendar year, to a joint fundraising committee in the names of others defendant HOSTOVICH knew were not the true source of the money used for the contributions. More specifically, defendant HOSTOVICH knowingly and willfully caused the following persons to contribute to Joint Fundraising Committee 1, a joint fundraising committee that included a United States Senator's principal campaign committee, and advanced and reimbursed to those persons a total of $14,500 for their contributions made on or about the following dates:

///

| Date | Conduit Contributor | Amount |
|---|---|---|
| October 22, 2021 | Individual 1 | $2,900 |
| October 22, 2021 | Individual 2 | $2,900 |
| October 30, 2021 | Individual 3 | $2,900 |
| November 1, 2021 | Individual 4 | $2,900 |
| November 3, 2021 | Individual 5 | $2,900 |

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

THOMAS F. RYBARCZYK
Assistant United States Attorney
Acting Chief, Public Corruption & Civil Rights Section